IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID NA'IM (#3521-16), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:17-cv-2121-L-BN |
| ERIC JACKSON AND JOHN PARKER, | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This *pro se* action filed by a prisoner or pretrial detainee has been referred to the undersigned United States magistrate judge for screening under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Sam A. Lindsay. The Court has granted Plaintiff Davis Na'im leave to proceed *in forma pauperis* ("IFP"). The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

**Applicable Background**

Na'im, an inmate at the Wayne McCollum Detention Center in Ellis County, has filed this action against the special agent in charge of the Dallas Division of the FBI and the United States Attorney for this district "based on an 'affidavit of prosecution' filed in the United States Attorney's Office, who refuse[s] or fail[s] to lawfully execute it because [Na'im] is a prisoner of the State of Texas." Dkt. No. 3 at 4. It appears that,

-1-

through his "affidavit of prosecution," "Na'im seeks that the arresting Dallas police detectives be prosecuted based upon" those officers "'dump[ing]' unsolved 'aggravated robbery' crimes on [Na'im]." *Id.* (citing 18 U.S.C. §§ 241, 242). The aim of this action, according to the relief requested by Na'im, is for this Court to issue "an 'order' compelling either the [FBI] or the U.S. Attorney, if not both, to act upon his affidavit of prosecution filed in the government attorney's office." *Id.* at 8.

**Legal Standards and Analysis**

Because he is proceeding IFP and because Na'im, a prisoner or pretrial detainee at the time of the alleged harm, has sued employees of a government entity, his complaint is subject to dismissal without service if it, for example, "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1); *see also* 28 U.S.C. § 1915(e)(2)(B)(i), (ii); *cf. Bazemore v. Abbott*, 423 F. App'x 398, 399 (5th Cir. 2011) (per curiam) (finding "without arguable merit and ... thus frivolous" the appeal of the district court's dismissal of a federal prisoner's action against the FBI as malicious under Section 1915A(b)(1)).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

Through this action, Na'im essentially requests that this Court compel the FBI to investigate and the United States Attorney to investigate (and also prosecute an action based on) Na'im's claims. His requests therefore fall under the federal mandamus statute – 28 U.S.C. § 1361, which provides "district courts [with] original jurisdiction of any action in the nature of mandamus to compel an officer or agency of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.*[1]

But Na'im "does not have a legal right to demand that the FBI investigate his, or any, complaint." *James v. Giddens*, Civ. A. No. 14-364-SDD-SCR, 2015 WL 5437345, at *2 (M.D. La. Sept. 14, 2015) (concluding that, there, the federal prisoner's "case should be dismissed as frivolous under 28 U.S.C. § 1915A because it clearly 'lacks an arguable basis in either law or fact'" (quoting *Neitzke*, 490 U.S. at 325)); *see Keelen v. F.B.I.*, 78 F. App'x 389, 390 (5th Cir. 2003) (per curiam) ("A writ of mandamus is not available to review the discretionary acts of officials. *Giddings v. Chandler*, 979 F.2d 1104, 1108 (5th Cir. 1992). The FBI's decision to investigate a complaint is a discretionary decision. *See* 28 U.S.C. § 535(a)."); *see also Wrightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 81 (D.D.C. 2010) ("Several courts have held that the FBI's decision to investigate is a discretionary act, not a mandatory one, and hence have

---

[1] *See also Brown v. Beard*, No. 4:CV-09-0136, 2009 WL 498630, at *2 (M.D. Penn. Feb. 25, 2009) *(*"Although the federal writ of mandamus technically has been abolished, the court has the power to compel a federal officer to perform a duty under 28 U.S.C. § 1361. *Arnold v. Blast Intermediate Unit 17*, 843 F.2d 122, 125 n.4 (3d Cir. 1988). Statutory mandamus, like its common-law predecessor, is 'intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.' *Heckler v. Ringer*, 466 U.S. 602, 616 (1984).").

denied mandamus relief where a plaintiff sought to compel the FBI to investigate a claim of alleged criminal activity." (citations omitted; collecting cases)).

Similarly, "mandamus cannot be used to compel the Attorney General or the United States Attorney to conduct investigations or prosecute alleged civil rights violators." *Jarrett v. Ashcroft*, 24 F. App'x 503, 504 (6th Cir. 2001) (per curiam) (citation omitted); *see Banks v. U.S. Attorney*, 318 F. App'x 56, 57 (3d Cir. 2009) (per curiam) ("[T]he Department of Justice's decision to prosecute an individual is purely discretionary; therefore, mandamus could not lie under 28 U.S.C. § 1361 to compel prosecution of Banks's alleged offenders." (citing *Inmates of Attica Corr. Facility v. Rockefeller*, 477 F.2d 375, 379 (2d Cir. 1973))); *Little v. Holder*, Civ. A. No. 12-1204, at *1 (D.D.C. July 23, 2012) ("'It is well-settled that a writ of mandamus is not available to compel discretionary acts.' And the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution." (quoting *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990); citations omitted)); *Wrightman-Cervantes*, 750 F. Supp. 2d at 81 ("Also, '[i]t is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General,' and mandamus relief cannot be sought in order to control the exercise of this discretion." (quoting *Powell v. Katzenbach*, 359 F.2d 234 (D.C. Cir. 1965) (per curiam); citation omitted)).

Because the Court can compel neither the FBI nor the United States Attorney to act upon Na'im's "affidavit of prosecution," this action lacks an arguable basis in law and should be dismissed as frivolous.

## Recommendation

The Court should summarily dismiss this action as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE